UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGO WILLIAMS,                  )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    Case No.: 2:17-cv-1013-JEO
                                 )
ALLSTATE PROPERTY & CASUALTY     )
INSURANCE COMPANY,               )
                                 )
    Defendant.

**INITIAL ORDER
GOVERNING ALL FURTHER PROCEEDINGS[1]**

**I.     Discovery**

The parties may commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26. In cases removed from state court in which discovery requests were filed before removal, those discovery requests shall be deemed filed on the date the parties file their Rule 26 report. The parties are instructed to review Local Rule 5.3 regarding the non-filing of discovery materials in civil cases.

Prior to filing any motion regarding a discovery dispute, the moving party must serve the opposing party with a letter identifying each issue and/or discovery request in dispute, stating the moving party's position with respect to each such issue and/or request, and specifying the terms of the discovery order to be sought. Thereafter, counsel for the parties shall confer in person in a good faith effort to resolve the dispute in whole or part without court intervention. In the event the offices of the parties' counsel are located in different counties, they may attempt to resolve

---

[1] This Order, along with Judge Ott's other standard orders in civil cases, is available at http://www.alnd.uscourts.gov/content/chief-magistrate-judge-john-e-ott. The Local Rules of this court may be accessed at http://www.alnd.uscourts.gov. The court assumes that each attorney and *pro se* party who appears in this case has read the Local Rules and is prepared to comply with them.

the dispute via telephone conference rather than in person. After conferring with each other, but before filing a motion to compel, the parties may request a conference with the undersigned, if they believe a conference may resolve their dispute without resort to a motion.

If the parties are unable to resolve their discovery dispute, they shall prepare a joint stipulation to be filed simultaneously with a motion to compel. The stipulation shall specifically identify all issues and/or discovery requests in dispute and, with respect to each such issue and/or request, state the contentions of each party, the legal authority supporting those contentions, and how each party proposed to resolve the dispute at the conference. For example, if the sufficiency of an answer to an interrogatory is in dispute, the stipulation shall state (1) both the interrogatory and the allegedly insufficient answer, verbatim, (2) each party's contentions as to that particular interrogatory and the legal authority supporting those contentions, separately, and (3) each party's proposal for resolution of the dispute as to the interrogatory at the conference, separately.

The undersigned will not consider any motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing opposing counsel's failure to confer or provide the opposing party's portion of the joint stipulation. Failure of counsel to comply with or cooperate in the foregoing process may result in the imposition of sanctions.

**II.        Electronic Submissions**

      **A.        CM/ECF Record**

The official record of this case is maintained electronically pursuant to CM/ECF. Documents must be filed through CM/ECF in PDF (Portable Document Format), unless submitted by a party appearing *pro se*, in which instance documents should be filed with the

Clerk of Court. Except in extraordinary circumstances, all filings shall be consistent with the Court's Civil Administrative Procedures Manual found on the court's website.[2]

### B.     Protected Information

Counsel are reminded to comply with the court's Administrative Procedures Manual for electronic filing with respect to redacting personal identifiers (*e.g.*, Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

When filing material under seal, parties **MUST** comply with the Administrative Procedures Manual.

### C.     Required Electronic Submissions to Chambers

**Counsel must e-mail to chambers copies of all proposed orders in Word Format**. The address for the undersigned judge's chambers is ott_chambers@alnd.uscourts.gov. **Ex parte communications are not allowed**. All communications to the chambers' email address must show a copy to all opposing counsel or *pro se* parties.

## III.    Motion Practice

All motions **MUST** comply with all requirements of this Order. Except for good cause shown, motions and/or briefs that do not conform to the requirements of this Order may be stricken. The following **MUST** appear on the first page of every motion or brief directly below the case number in the caption of the pleading: (1) **requests for oral argument**, if applicable;

---

[2] The Administrative Procedures Manual is available under the "CM/ECF Info" tab, or at: http://www.alnd.uscourts.gov/sites/alnd/files/forms/ALND%20Civil%20Administrative%20Procedures%20Manual%20Revision%2001-2017.pdf

and (2) an indication of whether the motion is **OPPOSED** or **UNOPPOSED**. Materials submitted after the close of the submission schedule will not be considered absent leave of court.

### A. Format Applicable to All Motions and Briefs

The parties' motions and briefs shall be in Times New Roman font and 14 point type. Footnotes may be in 12 point type. Documents shall be double-spaced; footnotes and indented quotations that exceed three lines may be single-spaced.

Citations to the record must refer to the document number and paragraph or line number, where available. If the parties are unable to cite to a specific paragraph or line number, they shall cite the document number and page number.

### B. Summary Judgment Motion Requirements

#### 1. Briefing Schedule

The parties will receive a scheduling order with a deadline for filing dispositive motions. Any motion for summary judgment, supporting brief, and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment is due no later than twenty one (21) calendar days after the motion for summary judgment is filed. The movant's reply brief, if any, must be filed no later than fourteen (14) calendar days after the date on which the opponent's responsive brief was due, unless otherwise ordered by the court.

#### 2. Page Limitations

Initial and response briefs are limited to thirty (30) pages. Reply briefs are limited to fifteen (15) pages.

### C. Non-Summary Judgment Motion Requirements

#### 1. Briefing Schedule

A party filing a non-summary judgment motion shall either incorporate in the motion the arguments and/or authorities upon which it relies or simultaneously file a separate brief with its motion. The opponent's responsive brief shall be filed no later than fourteen (14) calendar days thereafter, unless otherwise ordered by the court. The movant's reply brief, if any, must be filed no later than seven (7) calendar days after the date on which the opponent's responsive brief was due, unless otherwise ordered by the court.

#### 2. Page Limitations

Initial and responsive briefs for dispositive motions other than summary judgment shall be limited to fifteen (15) pages, exclusive of exhibits. Reply briefs are limited to ten (10) pages.

### D. Requirements for Evidentiary Materials

Simultaneously with their briefs, the parties must file all evidentiary materials (e.g., affidavits, exhibits, depositions, etc.) relied upon in support of or opposition to a motion, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion without resubmitting additional copies of the same materials.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume that the court will consider such materials. A specific reference must include the exhibit number, page, and when appropriate, the line number.

Each volume of evidentiary material **MUST** include a table of contents that includes a brief narrative description of each document, e.g., "Plaintiff's Exhibit 1, the Deposition of John Doe." For ease of citation, each affidavit, exhibit, deposition, etc. must be separately identified by a

capital letter or number (i.e., "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.  Parties are **DIRECTED** to submit **ENTIRE** depositions, even if only relying on an excerpt, in travel transcript format consisting of no more than four pages of deposition text per 8 ½ by 11 inch page.

      **E.**      **Motions to Withdraw as Counsel**

A motion to withdraw as counsel **MUST** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to file an objection with the court within fourteen (14) calendar days of the date of the notification.

      **F.**      **Courtesy Copies**

For all submissions exceeding thirty (30) pages (including exhibits), the filing party must submit, within three (3) business days of filing, an exact courtesy copy of the submission, **reflecting the CM/ECF case number, document number, date, and page stamp on each page**, to the Clerk's office for delivery to chambers.  Deliveries are not accepted in the court's chambers.  Additionally, the parties must email a copy of any brief filed with the court to chambers in Microsoft Word format.

**IV.**      <u>**Suitability of Action for Alternative Dispute Resolution**</u>

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees.  The court requires that all attorneys, along with their clients, make an early analysis of the case and be prepared to discuss settlement at an early date.  The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.  At any stage, a party may make a written request for a settlement conference with the court if the party believes it would be conducive to settlement.

## V. Particular Cases

If a party anticipates that it may, for any reason other than as a sanction under the Federal Rules of Civil Procedure, seek an award of fees from the opposing party pursuant to a statute or common law or an agreement between the parties, then the party **MUST** comply with the mandatory rules of fee shifting cases. Failure to comply may result in denial of a request for attorneys' fees.

The undersigned's webpage contains standard orders for fee shifting cases and cases that involve EEOC charges. The parties may access the Court's website at http://www.alnd.uscourts.gov/content/chief-magistrate-judge-john-e-ott.

**DATED** this 18th day of August, 2017.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge